Thomas E. Campagne, #065375
Justin T. Campagne, #211825
Wiley R. Driskill, #253913
Campagne, Campagne & Lerner
A Professional Corporation
Airport Office Center
1685 North Helm Avenue
Fresno, California 93727
Telephone: (559) 255-1637
Facsimile: (559) 252-9617
cc@campagnelaw.com

Attorneys for Plaintiff Royal Hawaiian Orchards, L.P.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| ROYAL HAWAIIAN ORCHARDS, L.P., a Delaware limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>EDMUND C. OLSON, in his capacity as trustee of the Edmund C. Olson Trust No. 2; THE EDMUND C. OLSON TRUST NO. 2, a California business trust; and DOES 1-50, collectively,<br><br>Defendants. | Case No. 2:14-CV-08984<br><br>**COMPLAINT** |

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

COMPLAINT

Royal Hawaiian Orchards, L.P. ("*Plaintiff*"), for its complaint (and demand for jury trial), hereby complains and alleges as follows:

**I.**
**JURISDICTION AND VENUE**

1. This Court has "*federal question*" jurisdiction over this case pursuant to 15 U.S.C. §15(a) and pursuant to 28 U.S.C. §1331, in that claims forming the basis of this dispute arise under the Sherman Anti-Trust Act (15 U.S.C §§ 1, 2 et seq.). The Court additionally has jurisdiction over this case pursuant to 28 U.S.C. §1332, based on diversity of citizenship of the parties, in that Plaintiff is a Delaware limited partnership conducting its business in Hawaii, and Defendant is an express business trust whose sole trustee, Mr. Edmund C. Olson, is believed to be a resident of Los Angeles County, California.[1/] The Court has supplemental jurisdiction over Plaintiff's related claims pursuant to 28 U.S.C. §1367(a).

2. Venue is proper pursuant to 28 U.S.C. §1391(b) because the Defendant trust's sole trustee is believed to reside in this district, and therefore the Defendant is a resident of this district.

**II.**
**THE PARTIES**

3. Plaintiff Royal Macadamia Orchards, L.P. is a Delaware limited partnership, which is licensed to do business, and at all times relevant herein was conducting its business, in Hawaii County, State of Hawaii.

4. Plaintiff is informed and believes, and thereon alleges, that Edmund C. Olson is the sole trustee of The Edmund C. Olson Trust No. 2, and he is named and sued herein in his capacity as the sole trustee of The Edmund C. Olson Trust No. 2. Plaintiff is informed and believes that Edmund C. Olson is a resident of Los Angeles County, California.

5. Plaintiff is informed and believes that Defendant Edmund C. Olson

---

[1/] For purposes of determining diversity jurisdiction, a business trust has the citizenship of its trustee or trustees. (***Johnson v. Columbia Properties Anchorage, LP*** (9th Cir. 2006) 437 F.3d 894, 899.)

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

Trust No. 2 (hereinafter "*Defendant*" and/or "*Olson Trust*") is and at all times herein mentioned was an express business trust, whose sole trustee and controlling manager is Edmund C. Olson, a Resident of .

6. The true names and capacities (whether individuals, corporate or otherwise) of the Defendants who are sued herein as Does 1 through 50, inclusive ("*Does*") are presently unknown to Plaintiff; therefore Plaintiff now sue those Defendants by fictitious names. Plaintiff will amend this Complaint to state the true capacities of such fictitiously named Doe Defendants, when their names and identities are ascertained. Plaintiff is informed and believes, and on that basis alleges, that all the fictitiously named Doe Defendants, and each of them, have taken some part in the acts or omissions complained of herein, or are otherwise responsible in some manner for the wrongful conduct herein alleged, and have caused injury in this County. Plaintiff is informed and believes and on that information and belief hereby alleges that each named Defendant and each fictitiously named Doe Defendant acted as an agent, employee, subsidiary, alter ego, or representative, of each and every other Defendant, or in concert with each and every other Defendant, and acted in the course and scope of said agency, employment, subsidiary relationship, alter ego, or representation, or in concert at all relevant times herein.

## III.
## GENERAL ALLEGATIONS

7. Defendant Edmund C. Olson Trust No. 2 is, on information and belief, believed to be an express business trust that, among other businesses, is a grower, processor and marketer of macadamia nut crops and products, which are sold under a various labels and brand names to bulk commercial purchasers and individual consumers.

8. Plaintiff Royal Hawaiian Orchards is also a grower, harvester, and seller of macadamia nuts to commercial purchasers and to individual end consumers. As such, Defendant and Plaintiff are, and were at all times relevant herein, direct competitors in the marketing and sale of macadamia nuts in the Hawaiian and broader United States

markets.

9. On or about December 22, 1986, a lease agreement was drafted and entered into between Plaintiff's predecessor-in-interest, Mauna Loa Macadamia Partners, L.P., and Defendant's predecessor-in-interest Ka'u Agribusiness Co., Inc. by which the Plaintiff (through its predecessor) leased certain parcels of real property located on the Island of Hawaii, State of Hawaii, from Defendant's predecessor-in-interest. A true and correct copy of the parties' Lease Agreement (hereinafter "*Lease*" and/or "*Agreement*") is attached and incorporated herein by this reference as **Exhibit 1**. The real property parcels leased under the Agreement are more particularly described at Exhibit A to **Exhibit 1**, pages 1-17.

10. The purpose of the Lease Agreement (as stated therein at page 5, paragraph 7) is for Plaintiff to cultivate and harvest macadamia nuts on the property. The Lease's term is for thirty-three (33) years, commencing December 22, 1986 and terminating December 22, 2019. Rent owed to Defendant lessor is calculated pursuant to the "*Rent Schedule*" attached to the Lease and incorporated therein. Namely, as relevant herein, the Lease provides for a certain base rent (adjusted in relation to the average price per pound of macadamia nuts in the State of Hawaii (per Hawaii Department of Agriculture statistics), plus an "*Incentive Rent*" that is calculated as a percentage of the leased macadamia orchard's net cash flow for each calendar year.[2/]

11. Defendant is believed to have purchased the real property that is subject to the Lease in or about April 2004, and succeed to its predecessor's rights as lessor under the Lease Agreement at that time.

12. On approximately May 5, 2014, the "*land manager*" for Defendant, Mr. John C. Cross, wrote to Plaintiff expressing Defendant's purported concerns about the condition of the leased orchard generally, and its purported concerns about Plaintiff's efforts to control a particular macadamia orchard pest insect called the Macadamia Felted

[2/] The Lease Agreement was amended by the parties on August 25, 2000 solely to more accurately state the exact parcels leased. All other material terms and conditions remained unchanged from the original Lease.

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

Coccid ("*MFC*"). Mr. Cross expressly and/or impliedly alleged that Plaintiff was not practicing "*good husbandry*" of the orchard and was not doing enough to control MFC outbreak.

13. On June 9, 2014, Plaintiff's vice-president, Mr. Jon Miyata, responded to Defendant with a detailed letter setting forth the extensive efforts Plaintiff made, and was continuing to make, to control MFC and to otherwise practice good husbandry of the orchard. Such efforts included Plaintiff's budgeting over $500,000.00 to combat MFC, as well as extensive support of academic and scientific research into the pest, and legislative efforts to procure additional funding to combat MFC. The letter also included a detailed summary (in table format) of Plaintiff's herbicide and pesticide applications, its MFC control applications, and pest control trials. (A copy of Mr. Miyata's June 9, 2014 response letter is attached as **Exhibit 2**, and incorporated herein by this reference.)

14. In that same letter, Mr. Miyata also requested that the Defendant share its pest control data and most effective MFC control methods with Plaintiff, so that Plaintiff could evaluate and perhaps replicate whatever successful MFC control techniques Defendant had employed on its own orchards. Plaintiff also requested that it be allowed to use and/or rent certain of Defendant's pesticide equipment that had allegedly proven effective on Defendant's own orchards. Tellingly, Defendant never shared any of its pest control data or MFC control methodology with Plaintiff, nor did it allow Plaintiff to use or borrow any of Defendant's pest control equipment.

15. Instead, on October 15, 2014, Defendant's attorney wrote Plaintiff a letter in which Defendant asserted vaguely that Plaintiff had breached its duties under Section 8 of the parties' Lease Agreement by failing to: (1) "*control the rampant infestation by the Macadamia Felted Coccid (the "MFC")*;" and (2) "*properly prune, fertilize and maintain the trees*." The letter went on to state that Defendant would "*pursue its remedies under the Lease*" (i.e. file a lawsuit for breach of lease and ejectment) unless within twenty days, Plaintiff either (1) abandoned the property, or (2) "*provide to the*

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

*[Defendant] a detailed written management plan, which includes (1) a budget; (2) an acceptable aggressive timetable for actions relating to both the MFC and fertilizing, pruning and ground maintenance (the "Cure Plan") for the [Defendant's] review and approval (in its reasonable discretion); and (3) reports on the past and planned use of fertilizer, herbicides and pesticides[.]*" (A copy of Defendant's October 15, 2014 demand letter is attached hereto as **Exhibit 3**, and incorporated herein by this reference.)

16. Notably, Paragraph 8 of the Lease Agreement (which Defendant invokes as having been breached) does not mention anything about insect control, or pruning or fertilizing the trees. With respect to care of the orchard, it states only as follows:

> "*Tenant will in the use of said premises follow the most approved methods of husbandry practiced on lands similarly situated or subject to similar conditions. Tenant will keep said premises in a good cultivated condition reasonably free from weeks and other noxious growth. Tenant will seek the guidance of appropriate governmental agencies on the matter of erosion control and will by proper construction and use of drainage ditches and otherwise take all reasonable precautions to prevent or arrest loss of soil by erosion*." (**Exhibit 1**, p. 6.)

17. Defendant has not alleged in its "*demand letters*," nor provided any other allegations or evidence to the same effect, that Plaintiff has failed to use similar, or indeed better, husbandry techniques as those used by similarly situated orchards in the area. To that end, upon receiving Defendant's October 15, 2014 "*demand letter*," Plaintiff's attorney responded by letter dated October 24, 2014, in which Plaintiff requested from Defendant certain detailed information about Defendant's own macadamia nut orchards which Defendant believes set the exemplar for overall health and crop yield. Such requested information included (among other items): (a) Defendant's orchard location and planting dates; (b) Defendant's soil and leaf nutrition data; (3) Defendant's own MFC (and other pest) control efforts and pesticide applications; (4) identification of whatever information Defendant possessed that led it to believe Plaintiff's MFC and other

pest control efforts were insufficient or sub-industry standard; (5) whatever evidence Defendant possessed that Plaintiff had failed to properly "*prune*" or "*fertilize*" the orchard; (6) Defendant's definition of what it meant by "*properly maintaining the trees*;" (7) **and specifically**, Plaintiff asked what exactly the Defendant would like to see in its requested "*Cure Plan*" from Plaintiff so that Defendant would not file suit and/or attempt to evict Plaintiff. (A true and correct copy of Plaintiff's counsel's October 24, 2014 letter is attached hereto as **Exhibit 4**, and incorporated herein by this reference.)

18. Again, tellingly, the Defendant responded by flat-out refusing to provide any of the requested information, nor would Defendant provide any further detail as to how it believed that Plaintiff had breached to Lease, or what specifically Plaintiff should do to come into compliance. With respect to the aforementioned inquiries, Defendant's counsel responded merely, "*We will not answer your questions*."

19. The fact that Defendant refuses to identify, with any specificity whatsoever, what Plaintiff has done or failed to do that constitutes a breach of the Lease, and refuses to identify with any specificity whatsoever what Plaintiff should do to purportedly come into compliance, demonstrates that the Defendant is not concerned with any actual breach of the Lease. Rather, the purported allegations of breach of Paragraph 8 of the Lease for failure to practice "*good husbandry*" are mere pretextual grounds to eject Plaintiff from the leasehold property and terminate the lease prematurely so as to weaken and/or eliminate one of Defendant's few direct competitors in the macadamia nut market, and to bring more of Hawaii's limited macadamia nut acreage under Defendant's possession and control in order to expand and consolidate Defendant's monopolistic position in the marketplace.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

20. Plaintiff hereby incorporates, as if fully set forth herein, all the factual allegations contained within this Complaint.

21. As set forth above, on December 22, 1986, Plaintiff (through its

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

predecessor-in-interest) and Defendant (through its predecessor-in-interest) entered into a commercial Lease Agreement (attached as **Exhibit 1**, and incorporated by this reference) for the lease of certain parcels of real property for Plaintiff's cultivation and harvest of macadamia nuts. By its terms, said Lease does not expire until December 22, 2019.

22. Plaintiff has performed all conditions, covenants and promises required of it to be performed in accordance with the terms and conditions of the Lease, including but not limited to, timely payment of all rent owed under the lease, and proper care, cultivation, and husbandry of the macadamia orchards on the leasehold premises that meets or exceeds industry standard, and meets or exceeds such cultivation and husbandry practices used by similarly situated properties in like condition.

23. Defendant, as alleged herein, has breached the parties' Lease Agreement by, among other things, imposing pest control, fertilization, and orchard maintenance conditions that are not set forth in the Lease and that are in excess of its express requirements; by demanding that Plaintiff provide it with fertilization records, pest control records, and other such information that are not required anywhere in the Lease; by demanding that Plaintiff provide Defendant with a detailed "*Cure Plan*" (without specifying the Plan's requisite content) that is not required anywhere in the Lease; and by informing Plaintiff that Defendant considers Plaintiff to currently be in breach of the Lease without specifying in any detail the nature of the purported breach(es) and refusing to provide any specifics as to what Plaintiff must do to purported come into compliance.

24. In short, Defendant has announced unilaterally that it considers the parties' Lease breached, yet it refuses to identify what Plaintiff can or should do to come into compliance, and thus has effectively terminated the Lease and initiated the ejectment process without legal justification with over four years remaining on the Lease term.

25. As a direct and proximate result of Defendant's breach of its contractual duties and obligations, Plaintiff Royal Hawaiian Orchards has been, and/or will be, deprived of the benefits of the Agreement (including, but not limited to, harvest

and sale of its current growing crop and over four years of future production under its leasehold interest), and has suffered damages as a result that exceed the jurisdictional minimum of the Court, in an exact amount that will be determined at trial.

WHEREFORE, Plaintiff prays for Judgment against the Defendant as set forth below.

**SECOND CAUSE OF ACTION**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

26. Plaintiff hereby incorporates, as if fully set forth herein, all the factual allegations contained within this Complaint.

27. Implied in every contract exists a duty to deal fairly and in good faith with the other contracting party. Defendant owed to the Plaintiff an implied-at-law obligation of good faith and fair dealing in the performance of its duties pursuant to the above-mentioned Lease Agreement (**Exhibit 1**). Defendant impliedly covenanted that it would in good faith and in the exercise of fair dealing, deal with Plaintiff fairly and honestly and do nothing to impair, interfere with, hinder, or potentially injure Plaintiff's rights or its ability to perform its own obligations and receive its own benefits under the Lease Agreement.

28. Said obligation of good faith and fair dealing was extraneous to the parties' Lease Agreement, as it arose by operation of law rather than by consent of the parties.

29. The Defendant's conduct in falsely and pretexually declaring a non-existent breach of contract in a bad faith effort to prematurely terminate the Agreement, and in refusing to identify the supposed breach(es) or what Plaintiff must to do come into compliance, constitutes a breach of the implied covenant of good faith and fair dealing.

30. As a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing as set forth herein, Plaintiff has suffered damages as a result that exceed the jurisdictional minimum of the Court, in an exact amount that will be determined at trial.

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

WHEREFORE, Plaintiff prays for Judgment against the Defendant as set forth below.

**THIRD CAUSE OF ACTION**
**(Unfair And Deceptive Competition – H.R.S. §480-2 et seq.)**

31. Plaintiff hereby incorporates, as if fully set forth herein, all the factual allegations contained within this Complaint.

32. As alleged in detail above, Defendant is believed to have claimed alleged breaches of the parties' Lease Agreement (under Paragraph 8 therein) in a dishonest, bad faith, and pretextual means of prematurely terminating the parties' Lease in order to: (1) immediately bring more of Hawaii's limited macadamia acreage under its own control and production, thereby consolidating and strengthening its own monopolistic market position; (2) weaken Plaintiff's position as one of Defendant's principal competitors; and (3) procure for itself a "*windfall*" in the form of Plaintiff's currently-growing macadamia crop on the leasehold property.

33. Defendant's conduct in asserting a breach of the Lease, but refusing to specifically identify the nature of the breach and refusing inform Plaintiff of what it must do to come into compliance, demonstrates that Defendant is not concerned that there is a genuine breach of the Lease, but rather that the claimed breach(es) are merely a pretext to terminate the lease prematurely, in bad faith and without legal or factual justification.

34. Defendant's conduct in this regard constitutes an "*unfair method of competition*" under Hawaii's unfair competition laws (i.e. Hawaii Revised Statutes ("H.R.S.") §480-2(e)) in that the practice is deceptive, immoral, unethical, oppressive, unscrupulous, offensive to public policy, and substantially injurious to competition.

35. As a direct and proximate result of Defendant's unfair and deceptive competitive conduct (e.g. its bad faith and pretextual assertion of Lease breach), Plaintiff Royal Hawaiian Orchards has been, and will continue to be, deprived of the benefits of the Agreement (including, but not limited to, over four years of production under its

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

leasehold interest), deprived of its growing crop, and has suffered and will continue to suffer damages as a result that exceed the jurisdictional minimum of the Court, in an exact amount to be determined at trial.

36. Furthermore, as a result of Defendant's violation of Hawaii's unfair competition laws, Plaintiff is entitled to treble its actual damages, as well as its reasonable attorney's fees and costs. (H.R.S. §480-13(a)(1).)

WHEREFORE, Plaintiff prays for Judgment against the Defendant as set forth below.

**FOURTH CAUSE OF ACTION**
**(Intentional Interference with Prospective Economic Advantage)**

37. Plaintiff hereby incorporates as if fully set forth herein, all the factual allegations contained within this Complaint.

38. Plaintiff had valuable and reasonable business expectancies disrupted by Defendant in that Plaintiff has economic relationships and business agreements with its macadamia nut customers and purchasers, which said agreements depend upon Plaintiff continuing to be able to grow and harvest macadamia nuts on the leasehold acreage discussed herein. Defendant has, and has at all times had, actual knowledge of these economic relationships and business agreements.

39. Plaintiff is informed and believes that Defendant has purposefully acted with an improper, bad faith motive in harming Plaintiff's business relationships and agreements when it improperly asserted non-existent breaches of the parties' Lease Agreement as a pretext to terminate the Lease prematurely and take possession of the leasehold property and Plaintiff's growing crop thereon. Defendant also acted with improper motive in attempting to procure and retain as much of Hawaii's limited macadamia nut acreage as possible for itself so as to maintain its dominant market position, eliminate competition, and charge higher prices than otherwise would be available.

40. Defendant's actions disrupted Plaintiff's economic relations and

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

business agreements and Plaintiff has been damaged as a direct and proximate result.

41. The aforesaid acts of interference and disruption were done by Defendant knowingly, willfully and maliciously, with intent to injure and oppress Plaintiff, such that Plaintiff is entitled to recover exemplary and punitive damages.

WHEREFORE, Plaintiff prays for Judgment against the Defendant as set forth below.

**FIFTH CAUSE OF ACTION**
**(Monopolization in Violation of Sherman Anti-Trust Act – 15 U.S.C. §1-2 et seq.)**

42. Plaintiff hereby incorporates as if fully set forth herein, all the factual allegations contained within this Complaint.

43. Plaintiff is informed and believes, and on that basis alleges, that Defendant exercises monopolistic and/or oligopolistic power in the relevant market for macadamia nuts (i.e. the Hawaiian and greater United States market).

44. The Defendant has willfully acquired and maintained its monopolistic and/or oligopolistic power by, among other means, wrongfully and deceptively terminating its leases and other agreements with Plaintiff, and other similarly situated growers, prematurely with the intent of aggregating further macadamia nut acreage under its own control and operation.

45. Plaintiff has sustained injury, and will sustain further injury, as a result of Defendant's predatory and exclusionary means of monopolizing the relevant market (rather than engaging in honest competition on the merits), in that Plaintiff is weakened through decreased macadamia acreage and production from the lost leasehold acreage. Competition in general is harmed by the further agglomeration of Hawaii's limited macadamia nut acreage in the hands of a single large, monopolistic producer – i.e. the Defendant.

46. Whereas Plaintiff has suffered, and will continue to suffer, antitrust injury as a result of Defendant's monopolistic, predatory, and unfair practices, Plaintiff is entitled to assert a private right of action for treble its actual damages and for reasonable

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

attorney's fees and costs of suit. (15 U.S.C. §15(a).)

WHEREFORE, Plaintiff prays for Judgment against the Defendant as set forth below.

**SIXTH CAUSE OF ACTION**
**(Declaratory Relief)**

47. Plaintiff hereby incorporates as if fully set forth herein, all the factual allegations contained within this Complaint.

48. A controversy has arisen between Plaintiff and Defendant concerning their respective rights and duties with respect to the parties' Lease Agreement described herein (and attached hereto as **Exhibit 1**). Defendant refuses to acknowledge its obligation as lessor under the Lease to recognize Plaintiff's leasehold interest and rights, to acknowledge that the Lease does not expire or terminate until December 22, 2019 at the earliest, or to otherwise allow Plaintiff to continue in its tenancy undisturbed until the actual lease termination on December 22, 2019 (or later).

49. Plaintiff seeks a declaration of its rights and duties, and the rights and duties of Defendant, under the Lease Agreement, the covenants and conditions contained therein, and of the parties' rights and duties with respect to the leasehold property. Plaintiff seeks a declaration of its rights and duties including, but not limited to, the following: (1) that there has been no breach of the Lease Agreement by Plaintiff (or alternatively, if any such breach has occurred, it is immaterial and/or inconsequential and does not entitle Defendant to any remedy whatsoever); (2) a determination that Plaintiff is entitled to remain in its tenancy on the leasehold property until expiration of the Lease term pursuant to the express provisions contained therein; and (3) a determination that Plaintiff's present farming and cultural practices constitute "*good husbandry*" as defined within the Lease Agreement, and that Plaintiff has followed or exceeded the most approved methods of husbandry practiced on land similarly situated or subject to similar conditions.

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

WHEREFORE, Plaintiff prays for Judgment against the Defendant as set forth below.

**SEVENTH CAUSE OF ACTION**
**(Equitable Relief From Any Alleged Breach)**

50. Plaintiff hereby incorporates as if fully set forth herein, all the factual allegations contained within this Complaint.

51. Under Hawaiian law, where a lessee's breach has not been due to gross negligence, or persistent and willful misconduct on its part, and the lessor can otherwise be compensated for any alleged injury, the courts in equity will grant relief, particularly where, as in this case, termination of the Lease and ejectment will result in an extreme forfeiture on Plaintiff's part and a windfall (in the form of Plaintiff's now-growing crop and its leasehold interest) for the Defendant.

52. Moreover, in order to justify involuntary and premature termination of a lease agreement, Hawaiian courts hold that the lessee's breach must be material, serious, and substantial.

53. While Plaintiff denies that it has committed any breach of the Lease Agreement, in the event the Court should find any such breach, Plaintiff seeks an order and determination that any such breach is not material, serious, or substantial in that it does not in any manner defeat the object of the parties in making the Agreement, nor go to the root of the Agreement or amount to a failure of consideration.

54. Further, to the extent any breach of the Lease is found, Plaintiff asks that the Court grant equitable relief by precluding Defendant from terminating the Lease Agreement, thereby avoiding the inequitable result of an extreme forfeiture on Plaintiff's part and a windfall for the Defendant, all for what (if anything) could only be a minor breach that did not result from Plaintiff's gross negligence or willful or persistent misconduct.

WHEREFORE, Plaintiff prays for Judgment against the Defendant as set forth below.

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For general damages in an exact amount to be determined at trial, plus accrued interest;

2. For an award of <u>treble</u> the general damages determined an awarded in this action, pursuant to H.R.S. §480-13(a)(1) and 15 U.S.C. §15(a).

3. For a judicial declaration and decree that (1)there has been no breach of the Lease Agreement by Plaintiff (or alternatively, if any such breach has occurred, it is immaterial and/or inconsequential and does not entitle Defendant to any remedy whatsoever); (2) a determination that Plaintiff is entitled to remain in its tenancy on the leasehold property until expiration of the Lease term pursuant to the express provisions contained therein; and (3) a determination that Plaintiff's present farming and cultural practices constitute "*good husbandry*" as defined within the Lease Agreement, and that Plaintiff has followed or exceeded the most approved methods of husbandry practiced on land similarly situated or subject to similar conditions;

4. Alternatively, to the extent the Court finds any breach of the Lease by Plaintiff, for the Court to issue an equitable order and determination that any such breach is not material, serious, or substantial such that it would justify termination of the Lease or otherwise afford Defendant any remedy; and/or for an equitable order and determination that any breach of the Lease by Plaintiff was not the result of gross negligence or willful misconduct and therefore does not justify the inequitable result of termination of the Lease and the resulting forfeiture by Plaintiff and undeserved windfall for the Defendant;

5. For attorney's fees and costs of suit, pursuant to H.R.S. §480-13(a)(1) and 15 U.S.C. §15(a); and

///

///

///

6. For such other and further relief as the Court may deem just and proper.

Dated: November 20, 2014

Respectfully submitted,

Campagne, Campagne & Lerner,
A Professional Corporation

By *__/s/ Thomas E. Campagne__*
Thomas E. Campagne

By *__/s/ Wiley R. Driskill__*
Wiley R. Driskill
Attorneys for Plaintiff Royal Hawaiian Orchards, L.P.

F:\DATA\docs\Wallace, Scott\Pleadings\Olson Complaint-111114.doc

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

COMPLAINT

Page 15