JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYAL HAWAIIAN ORCHARDS, L.P., <br> Plaintiff, <br> v. <br> EDMUND C. OLSON, in his capacity as trustee of the Edmond C. Olson Trust No. 2; THE EDMUND C. OLSON TRUST; and DOES 1-50 <br> Defendants. | CV 14-8984 RSWL (RZx) <br><br> **ORDER re: DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(3), AND (12)(b)(6); OR IN THE ALTERNATIVE TO TRANSFER [11]** |

Before the Court is Defendants' Motion for to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)6, or in the Alternative, to Transfer Pursuant to 28 U.S.C. § 1404.  The Court, having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS**:

The Court **GRANTS** Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3).  Defendant's other grounds and Request for Judicial Notice are thus rendered **MOOT.**

## I. BACKGROUND

Plaintiff Royal Macadamia Orchards, L.P. is a Delaware limited partnership that is licenced to do business in Hawaii. Compl. ¶ 3. Plaintiff is of the belief that Defendant Edmund C. Olson, the sole trustee of the Edmund C. Olson Trust No. 2 ("the Trust"), is a resident of Los Angeles, California; however, Defendant contests this assertion. Id. ¶ 4; Def's Mot. to Dismiss at 15. Both Plaintiff and Defendant grow, process, and market macadamia nuts and macadamia nut products in Hawaii. Compl. ¶¶ 7-8. Plaintiff and Defendant are direct competitors in the United States marketplace. Id. ¶ 8. Plaintiff Royal Macadamia Orchards initiated this Action against Defendant Edmund C. Olson, in his official capacity as trustee of the Edmund C. Olson Trust No. 2, for alleged violations of the Sherman Anti-Trust Act, breach of contract, breach of implied covenant of good faith and fair dealing, unfair and deceptive competition, and intentional interference with prospective economic advantage.

## II. DISCUSSION

**A. <u>Legal Standard</u>**

<u>Motion to Dismiss Pursuant to Fed R. Civ. P. 12(b)(3)</u>

Federal Rule of Civil Procedure 12(b)(3) allows a party to file a motion to dismiss on the basis of improper venue. Fed. R. Civ. P. 12(b)(3). Plaintiff bears the burden of establishing proper venue. <u>Piedmont Label Co. v. Sun Garden Packing Co.</u>, 598 F.2d

491, 496 (9th Cir. 1979) (citing <u>Hayashi v. Sunshine Garden Prods., Inc.</u>, 285 F. Supp. 632, 633 (W.D. Wash. 1967)).  The plaintiff is required to establish that venue is proper as to each defendant and as to each claim.  <u>Allstar Mktg. Grp., LLC v. Your Store Online, LLC</u>, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009) (quoting <u>Kelly v. Echols</u>, No. Civ. F05118 AWI SMS, 2005 WL 2105309, at *11 (E.D. Cal. Aug. 30, 2005)).  However, "where venue exists for the principal cause of action, courts have agreed to adjudicate closely related claims even if they lacked an independent source of venue."  <u>Id.</u> at 1127.

In considering a motion to dismiss for improper venue, a court is not required to accept the pleadings as true and may consider facts outside the pleadings.  <u>Doe 1 v. AOL, LLC</u>, 552 F.3d 1077, 1081 (9th Cir. 2009) (citing <u>Argueta v. Banco Mexicano, S.A.</u>, 87 F.3d 320, 323 (9th Cir. 1996)).  "If the court finds that the case has been filed 'in the wrong division or district,' it must 'dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'"  <u>Allstar Mktg. Grp.</u>, 666 F. Supp. 2d at 1126 (quoting 28 U.S.C. § 1406(a)).

**B.  <u>Analysis</u>**

A plaintiff has the burden of showing by a preponderance of the evidence that venue is proper.  <u>See</u> <u>United States v. Chi Tong Kuok</u>, 671 F.3d 931, 937

(9th Cir.2012) (citing United States v. Gonzalez, 683 F.3d 1221, 1224 (9th Cir. 2012)). Under 28 U.S.C. §1391(b), a case may be brought in:

> (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if not (1) or (2), any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Residency for proper venue purposes is determined based on the domicile of the defendant.[1] 28 U.S.C. §1391(c). Domicile is established by (1) physical presence in the location and (ii) the intent to remain indefinitely. Lew v. Moss, 797 F.3d 747, 750 (9th Cir. 1986). The domicile question must be evaluated at the time of the

---

[1] The citizenship of a trust is determined by the trustee's domicile at the time the lawsuit is filed. LeBlanc v. Cleveland, 248 F.3d 95, 100 (2nd Cir. 2001). Here, a trust is a defendant, though Plaintiff does not contend that the Trust's citizenship creates proper venue in California. Accordingly, this Court only analyzes the domicile of the Trustee, which, per LeBlanc, is the same as the citizenship of the Trust.

4

1 filing of the complaint. See Bosman v. United States,
2 No. 12-CV-1320 YGR, 2012 WL 1747972, at *2 (N.D. Cal.
3 May 15, 2012). Plaintiff's Complaint was filed on
4 November 20, 2014. See Compl. [1]. Accordingly, the
5 Court looks to where Defendant was domiciled on
6 November 20, 2014.
7  Defendant Olson has sworn under penalty of perjury
8 that he moved to Hawaii permanently after the death of
9 his wife in December of 2013, nearly one year before
10 the filing of this Complaint. Olson Decl. ¶¶ 2-3. His
11 primary residence is in Hawaii, the majority of his
12 business holdings are in Hawaii, his office is in
13 Hawaii, he holds a Hawaii driver's license, and he
14 spends the majority of his time in Hawaii. Id. His
15 assets are primarily located in Hawaii and his 2014
16 income taxes return was filed in Hawaii. Id. ¶4. He
17 intends to continue to reside in Hawaii indefinitely.
18 Id. ¶ 5.
19  Plaintiff, for its part, requests judicial notice
20 of several filings from Defendant and his business
21 holdings. See Dkt. No. 12. The Court takes judicial
22 notice of these documents for the fact and timing of
23 their filing, but not for the truth of the matter
24 asserted therein. Four of these documents (Pl.'s
25 Request for Judicial Notice Exs. A-D) were all filed
26 between November 2010 and July 2013, well before
27 Defendant Olson moved to Hawaii at the end of 2013.
28 Exs. E and F are business documents that were filed in

5

2014, after Mr. Olsen moved to Hawaii but months before the filing of the operative Complaint. Further, even if the Court were to consider the truth of the matters cited in the documents, which it cannot, the Court finds more persuasive Defendant's explanations for why the "residence" and "address" listed for Mr. Olson are based in California. He does administer some business in California, and based on California Probate Code requirements, he retains certain California addresses. But the overwhelming evidence suggests that Mr. Olson is domiciled in Hawaii, and only sporadically travels to California. Ultimately, Plaintiff has failed to show by a preponderance of the evidence that Mr. Olson's physical presence is primarily in California or that he intends to remain in California. See Lew 797 F.3d at 750. Furthermore, the underlying issue in this case, the Lease and land dispute, all concern Hawaii. For these reasons, venue in California is improper. There do not appear to be any concerns about the statute of limitations running out if this case is dismissed. Accordingly, Defendant's Motion should be granted pursuant to Fed. R. Civ. P. 12(b)(3) and this Action shall be dismissed for improper venue.

**IT IS SO ORDERED.**

DATED: June 26, 2015     RONALD S.W. LEW
                         **HONORABLE RONALD S.W. LEW**
                         Senior U.S. District Judge