1
2
3
4
5
6
7
8                   **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ROYAL HAWAIIAN ORCHARDS,      )   CV 14-8984 RSWL (RZx)
    L.P., a Delaware Limited      )
12  Partnership,                  )
                                  )   **ORDER re: DEFENDANT'S**
13              Plaintiff,        )   **NOTICE OF MOTION AND**
                                  )   **MOTION FOR ATTORNEYS'**
14      v.                        )   **FEES AND COSTS** [29]
                                  )
15                                )
    EDMUND C. OLSON, in his       )
16  capacity as trustee of the    )
    Edmund C. Olson Trust No.     )
17  2; THE EDMUND C. OLSON        )
    TRUST NO. 2, erroneously      )
18  referred to as a California   )
    business trust; and DOES 1-   )
19  50, collectively,             )
                                  )
20              Defendants.       )
    _____)

21

22      Currently before the Court is Defendant Edmund C.

23  Olson's ("Defendant") Motion for Attorneys' Fees and

24  Costs [29].

                        **I.   INTRODUCTION**

25      This Action stems from an agricultural lease

26  dispute between Plaintiff Royal Hawaiian Orchards, L.P.

27  ("Plaintiff") and Defendant Edmund C. Olson

28

                                1

("Defendant"), as sole trustee of the Edmund C. Olson Trust No. 2.  This Action has been dismissed pursuant to this Court's Order [28] granting Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), on the grounds of improper venue [11].

Defendant brings the instant Motion for Attorneys' Fees and Costs [29].

## II.   BACKGROUND

**A.   Factual Background**

Plaintiff is a Delaware limited partnership that is licensed to do business in Hawaii.  Compl. ¶ 3. Defendant is the sole trustee of The Edmund C. Olson Trust No. 2, and as such is named in this action and sued in his capacity as the sole trustee of the Trust. Id. ¶ 4.  On or about December 22, 1986, a lease agreement ("the Lease Agreement" or "the Agreement") was drafted and entered into between Plaintiff's predecessor-in-interest and Defendant's predecessor-in-interest, by which the Plaintiff (through its predecessor) leased certain parcels of real property located in Hawaii from Defendant's predecessor-in-interest.  Compl. ¶ 9.  Both Plaintiff and Defendant grow, process, and market macadamia nuts and macadamia nut products in Hawaii.  Compl. ¶¶ 7-8.  Plaintiff and Defendant are direct competitors in the United States marketplace.  Id. ¶ 8.

**B.   Procedural Background**

On November 20, 2014, Plaintiff filed its Complaint

2

with this Court [1], raising the following allegations:
(1) Breach of contract; (2) Breach of implied covenant
of good faith and fair dealing; (3) Unfair and
deceptive competition under Hawaii Revised Statute
("H.R.S.") § 480-2; (4) Intentional interference with
prospective economic advantage; (5) Monopolization in
violation of Sherman Anti-Trust Act, 15 U.S.C. § 1-2 et
seq.; Seeking (6) declaratory relief and (7) equitable
relief from any alleged breach. <u>See generally</u>, Compl.
On December 31, 2014, Plaintiff filed its First Amended
Complaint ("FAC") [10].

In its original Complaint and FAC, Plaintiff
alleges that Defendant is a resident of Los Angeles,
California.  However, Defendant contested this
assertion.  Compl. ¶ 4; FAC ¶ 4; Def.'s Mot. to Dismiss
15:23-28.  On January 14, 2015, Defendant filed his
Motion to Dismiss Pursuant to Federal Rules of Civil
Procedure 12(b)(1), 12(b)(3), and 12(b)(6), or, in the
Alternative, Transfer Pursuant to 28 U.S.C. § 1404
[11].  On June 26, 2015, this Court issued its Order
granting Defendant's Motion based on Rule 12(b)(3)
[28], finding that Plaintiff failed to establish
Defendant's domicile in California.  Order 6:12-15,
6/26/2015.  Rather, this Court found that Defendant was
domiciled in Hawaii.  <u>Id.</u> at 6:10-12.

On July 13, 2015, Defendant filed the instant
Motion for Attorneys' Fees and Costs [29].  On July 28,
2015, Plaintiff filed its Opposition to Defendant's

Motion for Attorneys' Fees and Costs [30].  On August
04, 2015, Defendant filed its Reply in support of its
Motion for Attorneys' Fees and Costs [32].  The matter
is now before the state court of Hawaii.

### III.   DISCUSSION

**A.   <u>Legal Standard</u>**

  1.  *Attorneys' Fees*

    The general rule in federal courts is that "absent
an express statutory command, attorney's fees will not
be awarded in civil cases."  <u>Home Sav. Bank, F.S.B. v.</u>
<u>Gillam</u>, 952 F.2d 1152, 1162 (9th Cir. 1991) (citing
<u>Alyeska Pipeline Serv. Co. v. Wilderness Soc'y</u>, 421
U.S. 240, 262 (1975)).

    Under the "American Rule," each party to a lawsuit
is generally responsible for its own attorneys' fees.
<u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429 (1983).
However, an award of attorneys' fees may be proper
where a valid contract or statute shifts fees to a
losing party.  <u>See</u>, <u>e.g.</u>, <u>United States v. Standard Oil</u>
<u>Co. of Cal.</u>, 603 F.2d 100, 103 (9th Cir. 1979).  In
order to award attorneys' fees to a party in
litigation, a court must be satisfied that both (1) the
party is entitled to the fees and (2) that the fee
award is reasonable.  <u>Garzon v. Varese</u>, No. CV 09 9010
PSG PLAX, 2011 WL 103948, at *1, (C.D. Cal. Jan. 11,
2011).

    If it is state law that allows for a fee award,
federal courts must look to that law to determine the

1  propriety of such an award.  <u>Michael-Regan Co., Inc. v.</u>
2  <u>Lindell</u>, 527 F.2d 653, 656 (9th Cir. 1975).

3        2.  *Costs*

4        Federal Rule of Civil Procedure 54(d)(1) provides
5  that "costs other than attorneys' fees shall be allowed
6  as of course to the prevailing party unless the court
7  otherwise directs."  F.R.C.P. 54(d)(1).  "By its terms,
8  the rule creates a presumption in favor of awarding
9  costs to a prevailing party, but vests in the district
10  court discretion to refuse to award costs."  <u>Ass'n of</u>
11  <u>Mexican-American Educators v. State of California</u>, 231
12  F.3d 572, 591 (9th Cir. 200) (citing <u>National Info.</u>
13  <u>Servs., Inc. V. TRW, Inc.</u>, 51 F.3d 1470, 1471 (9th Cir.
14  1995)).

15  **B.  <u>Analysis</u>**

16        Defendant moves for the Court to award him
17  attorneys' fees in the amount of $51,725 (plus taxes in
18  the amount of $2,437.29) and costs in the amount of
19  $325.  Def.'s Mot. for Attys' Fees and Costs 4:10-12.
20  Defendant seeks an additional award of $3,750.00
21  incurred in preparing his Reply brief, for a total
22  award of fees and costs of $58,237.29.  Def.'s Reply
23  2:12-15.  Defendant seeks this award of attorneys' fees
24  and costs for obtaining dismissal of the present action
25  on the grounds of improper venue.  Def.'s Mot. for
26  Attys' Fees and Costs 3:3-8.

27        1.  *Defendant is not Entitled to Attorneys' Fees*
28             *Under the Terms of the Agreement*

1    Plaintiff argues that, under the terms of the
2  parties' Agreement, Defendant is not entitled to
3  attorneys' fees for successfully moving to dismiss this
4  action for improper venue.  Plaintiff contends that
5  pursuant to the parties' Agreement, Defendant is only
6  entitled to attorneys' fees if Defendant was "without
7  fault" when he was sued by Plaintiff.  Pl.'s Opp. To
8  Def.'s Mot. for Attys' Fees and Costs 9:15-17.
9  Plaintiff argues that because the state court of Hawaii
10 that is now hearing this matter has yet to determine
11 whether Defendant was "without fault" when he was sued
12 by Plaintiff, by the terms of the parties' Agreement,
13 Defendant is not entitled to attorneys' fees.  <u>Id.</u> at
14 9:6-22.
15   Upon review of the Lease Agreement, this Court
16 finds that the matter of whether Defendant was "without
17 fault" when he was sued by Plaintiff has yet to be
18 determined by the Hawaii state court.  Accordingly,
19 Defendant is not entitled to attorneys' fees under the
20 terms of the parties' Agreement for obtaining dismissal
21 of the present action for improper venue.
22   2.  *Hawaii Law Governs the Resolution of*
23        *Defendant's Attorneys' Fees Motion*
24        a.  *Hawaii law applies pursuant to California*
25             *Civil Code section 1646 and the*
26             *Restatement (Second), Conflict of Laws*
27             *section 188.*
28   Defendant moves for the Court to award him

1   attorneys' fees in the amount of $51,725 (plus taxes in
2   the amount of $2,437.29) and costs in the amount of
3   $325.  Def.'s Mot. for Attys' Fees and Costs 4:10-12.
4   Defendant requests an additional $3,750 incurred in
5   preparing his Reply brief, in support of his Motion for
6   Attorneys' Fees, for a total request of $58,237.29.
7   Reply 2:12-15.  Defendant's primary contention is that
8   such an award is reasonable and appropriate given that
9   the total fees are "in line with awards granted by this
10  district in favor of defendants at the pre-answer
11  stage."  Reply 10:3-5.

12      Federal courts sitting in diversity decide
13  attorney's fees motions based on the law of the forum
14  state, which in the present case is California.
15  Klopfenstein v. Pargeter, 229 F.2d 150, 52 (9th Cir.
16  1979); Kona Enterprises, Inc. v. Estate of Bishop, 229
17  F.3d 877, 883 (9th Cir. 2000).

18      When parties to a contract have not included an
19  effective choice of law provision in their agreement,
20  California courts have employed different choice of law
21  analyses, including both California Civil Code section
22  1646 and Section 188 of the Restatement (Second) of
23  Conflict of Laws, in making a choice of law
24  determination.  Rutherford v. FIA Card Services, N.A.,
25  Case No: 11-cv-04433 DDP MANX, 2012 WL 993885, at *2
26  (C.D. Cal. Mar. 23, 2012) (citing Arno v. Club Med
27  Inc., 22 F.3d 1464, 1469 n. 6 (1993)).

28      California Civil Code section 1646 requires that

"[a] contract is to be interpreted according to the law
and usage of the place where it is to be performed; or,
if it does not indicate a place of performance,
according to the law and usage of the place where it is
made." Cal. Civ. Code § 1646.

Section 188 of the Restatement (Second), Conflict
of Laws states that, if the parties to a contract fail
to make an effective choice of law, the contract will
be determined by the "law of the state which, with
respect to that issue, has the most significant
relationship to the transaction." Restatement
(Second), Conflict of Laws § 188(1) (1969). Section
188 provides the relevant factors to consider in
determining the state that has the most significant
relationship to the transaction: (1) the place of
contracting, (2) the place of negotiation of the
contract, (3) the place of performance, (4) the
location of the subject matter of the contract, and (5)
the domicile, residence, nationality, place of
incorporation, and place of business of the parties.
Restatement (Second), Conflict of Laws § 188(2).

The parties in the present case did not include a
choice of law provision in their Agreement. See
Compl., Ex. 1. Therefore, pursuant to section 188, the
contract is interpreted according to the law of the
state with the most "significant relationship to the
transaction," which in applying the above factors to
the present case is Hawaii. Here, the contract at

1  issue, the Lease Agreement, was entered into in Hawaii.
2  Id.  The location of the subject matter of the
3  contract, the property over which the Lease Agreement
4  governs, is in Hawaii.  Id.  The place where the
5  contract was to be performed is Hawaii.  Id.  Plaintiff
6  conducts its business in Hawaii, id., and this Court
7  has found that Defendant is domiciled in Hawaii.  Order
8  6:12-15, 6/26/2015.  Therefore, the state with the most
9  significant relationship to the transaction in the
10  present case is clearly Hawaii.  On June 26, 2015, the
11  Court granted Defendant's Motion to Dismiss on grounds
12  of improper venue [28], finding that "the underlying
13  issue in this case, the Lease and land dispute, all
14  concern Hawaii."  Order at 2, 6/26/2015.  Thus,
15  pursuant to section 188, the Court finds that Hawaii
16  law applies to the present attorneys' fees issue.

17       Alternatively, the Court finds that Hawaii law
18  applies pursuant to California Civil Code section 1646.
19  The Lease Agreement must be interpreted "according to
20  the law and usage of the place where it is to be
21  performed," or where it was made, which in the present
22  case, as discussed above, is Hawaii.

23            b.  *California Civil Code section 187 does not*
24                *apply to the Agreement, and thus section*
25                *1717 cannot be considered.*

26       Plaintiff contends that California Civil Code
27  section 1717 must apply to the present attorneys' fees
28  dispute because section 1717 represents a strongly held

public policy that is contrary to H.R.S. § 607-14.
Pl.'s Opp. To Def.s' Mot. for Attys' Fees and Costs at
13:11-16.   Plaintiff presumably makes this argument
pursuant to Restatement (Second), Conflict of Laws
section 187(2)(b).[1]   However, section 187 is
inapplicable to the parties' dispute in the present
case because the Lease Agreement does not include a
choice of law provision, and section 187 governs only
those contracts that contain an effective choice of law
provision.

   H.R.S. section 607-14 allows attorneys fees to be
awarded without a decision on the merits.   Kona Enters.
v. Estate of Bernice Pauahi Bishop, 229 F.3d 877, 889
(9th Cir. 2000); Wong v. Takeuchi, 88 Hawai'i 46, 49
(1988).   In contrast, California Civil Code section
1717 has been interpreted differently as to whether
attorneys' fees may be awarded without a decision on
the merits.[2]   In reviewing the relevant case law, it is

_____

[1]Section 187 governs contracts in which the parties'
agreement contains an effective choice of law provision.
Restatement (Second), Conflict of Laws § 187 (1971).   Section
187(2) provides exceptions under which the court will decline to
apply the state law chosen by the parties.   Section 187(2)
provides that the law of the state chosen by the parties will be
applied unless "(a) the chosen state has no substantial
relationship to the parties or the transaction...or (b)
application of the law of the chosen state would be contrary to a
fundamental policy of a state which has a materially greater
interest than the chosen state."   Restatement (Second), Conflict
of Laws § 187(2).

[2]Whereas in Profit Concepts Mgmt., Inc. v. Griffith, 162
Cal. App. 4th 950 (2008), the court granted the movant attorneys'
fees, holding that the determination of which party is

clear that H.R.S. § 607-14 is contrary to section 1717.
Further, it is "well-established that Section 1717
reflects a fundamental California public policy."
<u>Laurel Village Bakery, LLC v. Global Payments Direct,</u>
<u>Inc.</u>, Case No: C06-1332 MJJ, 2007 WL 4410396, at *3
(N.D. Cal. Dec. 14, 2007).

While Plaintiff is correct in contending that
H.R.S. § 607-14 is contrary to the "well-established"
fundamental California public policy of section 1717
regarding attorneys' fees, this conclusion is
irrelevant because, as discussed above, section 187
does not apply to the Lease Agreement in the present
case.   Thus, H.R.S. § 607-14 should govern Defendant's
attorneys' fees motion.   Section 187(2)(b) cannot be
employed to apply California Civil Code section 1717
instead.

Furthermore, even if the Court were to consider
section 187(2)(b), California does not have a
"materially greater interest" in the Lease Agreement,
as is required by the section 187 exception.   This was
established when this Court ruled that California was
an improper venue for this action.   <u>See generally</u>,

---

"prevailing" must be made without consideration of whether the
plaintiff may re-file the action,  in <u>Vistan Corp. v. Fadei, USA,</u>
<u>Inc.</u>, the court denied the movant attorneys' fees because the
case could be re-filed in the forum state.   2013 WL 1345023.
Further, the court in <u>Vistan Corp.</u> notes that "[f]ederal district
courts appear uniform in denying fees under section 1717 where a
non-merits decision results in dismissal of the contract claim."
<u>Id.</u> at 3.

1  Order, 6/26/15.  For this additional reason,
2  Plaintiff's argument that California law rather than
3  Hawaii law should govern the resolution of Defendant's
4  attorneys' fees motion fails.

5      Plaintiff improperly relied on the court's decision
6  in Laurel Village Bakery, LLC v. Global Payments
7  Direct, Inc. in support of its contention that
8  California law should apply to Defendants' attorneys'
9  fees motion in the present case.  Case No: C06-1332
10 MJJ, 2007 WL 4410396 (N.D. Cal. Dec. 14, 2007).
11 However, Laurel is distinguishable from the present
12 case in two significant ways.  First, in Laurel, the
13 parties effectively chose Georgia as the forum for
14 resolution of their disputes.  Id. at *1.  Because the
15 parties in Laurel had an existing forum selection
16 clause, the court properly considered the fundamental
17 public policy of Section 1717 under section 187(2)(b)'s
18 choice of law exception.  Id. at *3.  Second, the court
19 in Laurel found that California had a "materially
20 greater interest than the chosen state" because the
21 agreement at issue was primarily formed and performed
22 in California, providing the court with further grounds
23 on which to apply California law under section
24 187(2)(b).  Id.  In the present case, as discussed
25 above, the parties did not include an effective forum
26 selection clause in their Lease Agreement and
27 California does not have a materially greater interest
28 in the transaction at issue.

3.   *Defendant is Not Entitled to Attorneys' Fees Under H.R.S. § 607-14*

a.   *The Agreement is governed by H.R.S. § 607-14 because it is an action in the nature of assumpsit.*

Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement." Stanford Carr Development Corp v. Unity House, Inc., 111 Hawai'i 286, 305 (2006).  H.R.S. § 607-14 allows for attorneys' fees in all actions in the nature of assumpsit.[3]  It is well established under Hawaii law that "an action in the nature of assumpsit includes 'all possible contract claims.'"  Leslie v. Estate of Tavares, 93 Hawai'i 1, 5 (2000) (citing Healy Tibbitts Constr. Co. v. Hawaiian Indep. Refinery, Inc., 673 F.2d 284, 86 (9th Cir. 1982)).  "Assumpsit is a common law form of action which allows for the recovery of damages for the non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations."  Schulz v. Honsador, Inc., 67 Haw. 433, 435 (1984).

---

[3]H.R.S. § 607-14 provides, in part: "In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable...."  H.R.S. § 607-14.

Here, Plaintiff alleged in its Complaint that Defendant breached the Lease Agreement, breached an implied-at-law covenant of good faith and fair dealing, engaged in unfair and deceptive competition within H.R.S. § 480-2(e), engaged in intentional interference with prospective economic advantage, and engaged in monopolistic conduct in violation of the Sherman Anti-Trust Act.  Compl. ¶¶ 23, 29, 34, 40, 43.  Plaintiff's claims all arise from alleged or prospective breaches of the Lease Agreement, and therefore Plaintiff's action is in the nature of assumpsit.  As such, Defendant's Motion is governed by H.R.S. § 607-14.

   b. *Defendant is not a "prevailing party"*

     *within the meaning of H.R.S. § 607-14.*

"Under H.R.S. § 607-14, an action in the nature of assumpsit does not need a clause in writing providing for attorneys' fees in order for attorneys' fees to be granted."  <u>Eastman v. McGowan</u>, 946 P.2d 1317, 1327 (Haw. 1997).  When H.R.S. § 607-14 applies, generally "the litigant in whose favor judgment is rendered is the prevailing party ... Thus, a dismissal of the action whether on the merits or not, generally means that [the] defendant is the prevailing party."  <u>Wong v. Takeuchi</u>, 961 P.2d 611, 614 (Haw. 1988) (citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d section 2667 (1983)).  "There is no requirement that the judgment in favor of the prevailing party be a ruling on the merits of the claim."  <u>Id.</u>  In a

1  diversity action, if state law entitles a "prevailing

2  party" to attorneys fees for "permanently

3  defeat[ing][a] lawsuit," that right is not lost by

4  obtaining judgment on procedural grounds.  <u>Kona</u>

5  <u>Enterprises, Inc. v. Estate of Bishop</u>, 229 F.3d 877,

6  888 (9th Cir. 2000) (citing <u>Anderson v. Melwani</u>, 179

7  F.3d 763, 766 (9th Cir. 1999).

8      Although H.R.S. § 607-14 does permit courts to

9  award attorneys' fees to "prevailing parties" who

10  obtained judgment absent a ruling on the merits of the

11  claim, the Supreme Court and the Ninth Circuit have

12  defined and narrowed the meaning of a "prevailing

13  party.".

14      The Supreme Court of the United States has held

15  that a "'material alteration of the legal relationship

16  of the parties' [is] necessary to permit an award of

17  attorneys' fees." <u>Buckhannon Bd. and Care Home, Inc.</u>

18  <u>v. West Virginia Dept. of Health and Human Resources</u>,

19  532 U.S. 598, 604 (2001) (citing <u>Texas State Teachers</u>

20  <u>Association v. Garland Independent School District</u>, 489

21  U.S. 782, 792-793 (1989)).  The Supreme Court reasoned

22  that "[t]he key inquiry is whether some court action

23  has created a material alteration of the legal

24  relationship of the parties." <u>Cadkin v. Loose</u>, 569

25  F.3d 1142, 1148 (9th Cir. 2009) (internal quotations

26  omitted).

27      The Ninth Circuit addressed how to determine

28  whether a party is a "prevailing party" under H.R.S. §

15

607-14 in Countrywide Home Loans, Inc. v. Hoopai. 581
F.3d 1090 (9th Cir. 2009). The court stated that
"Hawaiian courts focus on which party prevailed on the
'disputed main issue.'" Id. at 1101 (citing Food
Pantry, Ltd. v. Waikiki Bus Plaza, Inc., 575 P.2d 869,
879 (Haw. 1978)). The Ninth Circuit examined what
constitutes a "disputed main issue" and stated that it
is "'identified by looking to 'the principal issues
raised by the pleadings and proof in a particular
case....'" Id. (citing Fought & Co., Inc. v. Steel
Eng'g & Erection, Inc., 951 P.2d 487, 503 (Haw. 1998)).
The Ninth Circuit clearly stated that "[t]hus, the
'prevailing party' is the party that succeeds on the
issue or issues that are (1) the 'principal' issues
raised in the litigation and (2) disputed by the
parties." Id. The Ninth Circuit has held that a
dismissal without prejudice does not alter the legal
relationship of the parties "because the defendant
remains subject to risk of re-filing." Oscar v. Alaska
Dept. of Educ. & Early Dev., 541 F.3d 978, 981 (9th
Cir. 2008). Further, the Ninth Circuit has noted that
"[u]nder the Supreme Court's 'generous formulation' of
the term 'prevailing parties,' parties 'may be
considered prevailing parties' for attorney's fees
purposes if they succeed on any significant issue in
litigation which achieves some of the benefit the
parties sought in bringing suit.'" Kona, 229 F.3d 877,
891, fn 10 (9th Cir. 2000) (citing Farrar v. Hobby, 506

U.S. 103, 109 (1992)).

In Kona, the Ninth Circuit affirmed the district court's holding that defendants were "prevailing parties" for purposes of H.R.S. § 607-14.  229 F.3d 877 at 891 (9th Cir. 2000).  The district court dismissed plaintiffs' claims with prejudice and entered judgment for the defendants.  229 F.3d 877, 888 (9th Cir. 2000). The Ninth Circuit held that "[t]herefore, under Wong, the district court correctly deemed defendants to be 'prevailing parties.'"  Id. (citing Wong v. Takeuchi, 961 P.2d 611, 614 (1998)).  The Ninth Circuit reasoned that defendants were "prevailing parties" within the meaning of H.R.S. § 607-14 because "[t]he doctrine of res judicata bar[red] all plaintiffs from re-litigating any of their claims..." and "[t]herefore, defendants clearly succeeded in 'permanently defeating' all direct claims arising out of this lawsuit and the derivative claims of Kona."  Id. at 888.  In affirming the district court's ruling that defendants were "prevailing parties" within the meaning of H.R.S. § 607-14, the Ninth Circuit further reasoned that Defendants were "prevailing parties" because "Kona could never bring this action again on behalf of the Companies."  Id. at 891, fn 10.

Similarly, in Wong, the Supreme Court of Hawaii held that the defendant was a "prevailing party" for purposes of H.R.S. § 607-14.  961 P.2d 611, 614 (Haw. 1998).  The circuit court granted defendant's motion

17

for summary judgment on the defense of laches and the
applicable statute of limitations.  The Supreme Court
of Hawaii held that although the dismissal of
plaintiff's claim was not a determination on the
merits, plaintiff was rendered unable to re-litigate
his claim and thus the defendant was a "prevailing
party" for purposes of H.R.S. § 607-14.  961 P.2d 611,
614 (Haw. 1998).

Defendant cites Kona for the proposition that a
party may recover fees under Hawaii law even if there
has been no determination on the merits.  Def.'s Mot.
8:4-6.  Plaintiff contends that Defendant is not a
"prevailing party" within the meaning of H.R.S. § 607-
14, and thus is not entitled to attorneys' fees,
because Plaintiff's action was not dismissed with
prejudice and thus the Court's holding does not have
res judicata effect.  Pl.'s Opp. at 13:18-14:5.
Plaintiff cites Kona and Wong to support its premise
that a court must enter judgment with prejudice for the
moving party to have "prevailing party" status.  Id.

Defendant is correct in asserting that Hawaiian
courts have granted attorneys' fees without a final
resolution on the action's merits.  However, as
discussed above, courts have largely limited such a
holding to cases in which the movant has "permanently
defeated" his opponent's claims, or where there has
been a "material alteration of the legal relationship
of the parties," such as the parties being unable to

18

re-litigate the disputed issue.  Therefore, the key
inquiry as to whether Defendant can be deemed a
"prevailing party" is not whether the action was
dismissed with or without prejudice, as Plaintiff
contends.  Rather, the key inquiry is whether the
movant has "succeeded on a significant issue on the
litigation," or whether the parties' claims have been
"permanently defeated" by judicial action such that
they cannot be further litigated.

In the present case, this Court granted Defendant's
Motion to Dismiss on the grounds of improper venue
under F.R.C.P. 12(b)(3) [28].  The parties are
currently litigating their claims in Hawaii state
court.  In contrast to Kona and Wong, the parties'
litigation of the underlying claims is ongoing
following this Court's dismissal.  Furthermore, in
obtaining dismissal for improper venue, Defendant
clearly did not succeed in "permanently defeating"
Plaintiff's claims.  Kona, 229 F.3d at 888 (9th Cir.
2000).  Defendant simply obtained dismissal of the
action for improper venue and, as such, the parties had
not even begun to litigate their claims in this Court.

Additionally, this Court's dismissal of the present
action for improper venue did not cause a "material
alteration of the legal relationship of the parties",
which the Supreme Court has emphasized as the "key
inquiry" in determining whether a party may be deemed a
"prevailing party".  Buckhannon, 532 U.S. at 604

19

(2001); Cadkin, 569 F.3d at 1148 (9th Cir. 2009).
Rather, the legal relationship of the parties in the
present action is largely unchanged because the parties
will continue to litigate Plaintiff's claims in Hawaii
state court. Accordingly, this Court will not confer
"prevailing party" status on Defendant at this
juncture.

The Court should find that the Defendant has not
yet succeeded on the disputed main issue in the case,
and as such, cannot be deemed a "prevailing party"
within the meaning of the statute. As per the Ninth
Circuit's "prevailing party" analysis in Countrywide
Home Loans, because this action was dismissed for
improper venue and thus this Court did not address the
"principal issues raised by the pleadings". Again, the
principal issues are yet to be determined by the Hawaii
state court. In considering the relevant Hawaiian,
Ninth Circuit, and Supreme Court definitions and
analyses of what constitutes a "prevailing party" under
H.R.S. § 607-14, this Court finds that Defendant is not
a "prevailing party" and accordingly Defendant's Motion
for Attorneys' Fees and Costs [29] is **DENIED.**

4.    *This Court need not address whether the*
      *attorneys' fees sought are "reasonable".*

Because this Court finds that Defendant is not a
"prevailing party" within the meaning of H.R.S. § 607-
14, and thus the Defendant is not entitled to
attorneys' fees under the statute, this Court need not

address whether Defendant's request for attorneys' fees is "reasonable".

    *5.   Defendant is not Entitled to Costs*

    Defendant seeks $325.00 in costs for his Application for attorney Paul Alston to Appear Pro Hac Vice [15].  Def.'s Mot. for Attys' Fees and Costs 4:10-12.  Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  F.R.C.P. 54(d)(1).  Although Rule 54(d)(1) creates a presumption in favor of awarding costs to a "prevailing party", this Court has discretion to refuse to awards costs.  Ass'n of Mexican-American Educators v. State of California, 231 F.3d 572, 591 (9th Cir. 200); National Info. Servs., Inc. V. TRW, Inc., 51 F.3d 1470, 1471 (9th Cir. 1995). In accordance with this Court's finding that Defendant is not a "prevailing party" in the present action at this juncture, the Court declines to awards costs to Defendant.  Defendant's request for costs is **DENIED.**

## IV. CONCLUSION

    Based on the foregoing, the Court **DENIES** Defendant's Motion for Attorneys' Fees and Costs [29].

**IT IS SO ORDERED.**

DATED: October 15, 2015      S/ RONALD S.W. LEW

                                  **HONORABLE RONALD S.W. LEW**
                                  Senior U.S. District Judge